UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Brenda Ramos**, on behalf of herself and § | | |
| the Estate of Mike Ramos, § | | |
| Plaintiff, § | | |
| v. § | Case no. 1:20-cv-1256 | |
| § | | |
| **City of Austin** and § | | |
| **Christopher Taylor**, § | | |
| Defendants. § | | |

**Plaintiff's Response to Officer Taylor's Motion to Dismiss**

**I.   Introduction**

Ms. Ramos's First Amended Complaint [doc. 5] clearly states a section 1983 civil rights claim against Defendant Officer Christopher Taylor upon which relief can be granted. This Court should deny Officer Taylor's FRCP 12(b)(6) motion because it is based on Taylor's unproven allegations rebutting Ms. Ramos's allegations.

Officer Taylor asks this Court to accept his version of events: that a vehicle driving *away* from him and other officers was also driving towards him and other officers. But a 12(b)(6) motion is the proper vehicle for disputing Plaintiff's well-pled facts.

**II.   Legal Standard**

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well pleaded facts as true and view them in the light most favorable to Ms. Ramos. *See Baker v. Putnal*, 75 F. 3d 190, 196 (5th Cir. 1996). The issue is not whether Ms. Ramos will prevail but whether she is entitled to pursue her complaint and offer evidence in support of her claims. *See Doe v. Hillsborough Indep. Sch. Dist*., 81 F.3d 1395, 1401 (5th Cir. 1996). Rule 12(b motions are disfavored and are rarely granted. *See Bernal v. Freeport-McMoran, Inc*., 197 F.3d 161, 164 (5th

Cir. 1999). In fact, dismissal or judgment should not be granted unless it appears beyond doubt that Plaintiff can prove no set of facts in support of their claims which would entitle them to relief.

Government officials are not entitled to qualified immunity if they (1) "violated a statutory or constitutional right"; and (2) "the right was clearly established at the time of the challenged conduct." *Turner v. Lt. Driver*, 848 F.3d 678, 685 (5th Cir. 2017). Accordingly, to establish that Mike Ramos's constitutional right was violated, Plaintiff need only provide sufficient allegations so that the Court may infer that "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Flores v. City of Palacios,* 381 F.3d 391, 396 (5th Cir. 2004). In cases of officers shooting at vehicles, the reasonableness inquiry involves two "central" factors in the: (1) "the limited time the officers had to respond" and (2) "the closeness of the officers to the projected path of the vehicle." *Hathaway v. Bazany*, 507 F.3d 312, 321 (5th Cir. 2007) (quoting *Waterman v. Batton*, 393 F.3d 471, 477, 479 (4th Cir. 2005)) (internal quotations omitted).

"An officer's acts are objectively reasonable unless reasonable officials in the officer's circumstances would have then known that the officer's conduct violated the plaintiff's asserted constitutional rights." *Id.* at * 15–16 (quoting *Thompson v. Upshur Cnty*., 245 F.3d 447, 457 (5th Cir. 2001)); *see also Dudley v. Bexar Cty., No. 5:12-CV-357-DAE,* 2014 U.S. Dist. LEXIS 169913 at * 18, 2014 WL 6979542 (W.D. Tex. Dec. 9, 2014) ("Under the second prong of the qualified immunity analysis, the Court must determine whether the right was clearly established at the time the violation occurred"). The Fifth Circuit has held that:

> it has long been clearly established that, absent any other justification for the use of force, it is unreasonable for a police officer to use deadly force against a

fleeing felon who does not pose a sufficient threat of harm to the officer or others. This holds as both a general matter, and in the more specific context of shooting a suspect fleeing in a motor vehicle.

*Lytle v. Bexar Cty. Tex.*, 560 F.3d 404, 417–18 (5th Cir. 2009).

### III. Ms. Ramos has alleged a plausible claim pursuant to the Fourth and Fourteenth Amendments

The Court should not dismiss Ms. Ramos's Amended Complaint unless it appears beyond doubt that she can prove no set of facts in support of her claims which would entitle her to relief. *Ashcroft v. Iqbal* simply requires that Ms. Ramos's Complaint be plausible on its face, do more than offer labels and conclusion, and offer some factual basis in support of her claim. *See* 129 S. Ct. 1937, 1949 (2009). Ms. Ramos's Complaint does just that.

"Because [Mike Ramos] died as a result of [Officer Taylor's] alleged conduct, and his death clearly constitutes an "injury," [Ms. Ramos's argument] will focus on whether [Officer Taylor's] conduct was clearly unreasonable." *See Cullum v. Siemens,* No. SA-12-CV-49-DAE, 2013 U.S. Dist. LEXIS 153378 at *14–15, 2013 WL 5781203 (W.D. Tex. Oct. 25, 2013) (citing *Ramirez v. Knoulton,* 542 F.3d 124, 128 (5th Cir. 2008)). Accepting all well pleaded facts as true and viewing them in the light most favorable to Ms. Ramos, it is clear that Mike Ramos was attempting to drive away from Officer Taylor, the other officers, and bystanders at the time Officer Taylor shot and killed him. As much as Officer Taylor wants this Court to believe that "these four officers **would** have been in—or at least in close proximity to—the direct path of Ramos's vehicle **if** he had continued driving straight forward rather than turning," this is not the place for re-writing Ms. Ramos's allegations. *See* Taylor's Motion to Dismiss [Doc. 9] ¶ 15. Mike Ramos **did** turn his vehicle and **was** heading away from Officer Taylor and his fellow officers when Officer Taylor shot and killed

3

him. But this Court does not have to look to the truth of this easily established fact to deny Officer Taylor's motion, it need only look to Ms. Ramos's Amended Complaint.

Given the facts of this case, there is a plausible claim that Officer Taylor's conduct was clearly unreasonable and a violation of Mike's constitutional rights. *See Dudley v. Bexar Cty.*, No., 2014 U.S. Dist. LEXIS 169913 at * 17–18 (finding that "a factfinder could conclude that [the officer] violated the constitution" by shooting at a vehicle which was "attempting to drive away from [the officer] at the time he began shooting").

**IV.       Officer Taylor's violation of Mike's constitutional rights was a violation of clearly established law.**

Officer Taylor relies on *Hathaway* in support of his argument for Qualified Immunity. Taylor's Motion to Dismiss [Doc. 9] ¶ 14–19. In *Hathaway*, the Fifth Circuit upheld the Western District of Texas District Court's granting of summary judgment on qualified immunity grounds.[1] *Hathaway*, 507 at 316. The officer in *Hathaway* fatally shot a driver who was accelerating toward the officer, and "when [the officer] realized that he was not going to be able to get out of the [driver's] path, he decided to fire his weapon." *Id.*

Compare with the facts of *Lytle*. In *Lytle*, the officer filed a motion to dismiss based on qualified immunity. *Lytle v. Bexar Cty. Tex.*, 560 F.3d at 408. The district court treated the officer's motion as one for summary judgment and denied the motion, concluding that a genuine issue of material fact precluded granting summary judgment on qualified immunity. *Id.* Agreeing with the district court that the parties "genuinely disputed the direction and distance that the [vehicle] had traveled at the moment [the officer] fired," the Firth Circuit dismissed the

---

[1] The finding of qualified immunity in *Hathaway* was during summary judgment and not in a motion to dismiss.

4

appeal. *Id.* at 408, 418. "The Court found that, although the car may have posed an immediate and significant threat of harm to the officer when it was reversing in his direction, by the time he shot at the vehicle, the vehicle was no longer a threat." *Dudley v. Bexar Cty.*, 2014 U.S. Dist. LEXIS 169913 at * 15 (citing *Lytle v. Bexar Cty. Tex.*, 560 F.3d at 413).

In *Dudley v. Bexar Cty,* an officer shot at a vehicle that was driving away from the officer and which remained "at least five or six feet away" from the officer at all times. *Id.* at *16. The officer argued that *Hathaway* was controlling, however the District Court for the Western District of Texas found *Hathaway* distinguishable and "that the present case is closer in facts to Lytle than it is to Hathaway." *Id.* at * 17–18. In denying summary judgment, the Court found that "viewed in the light most favorable to Plaintiffs—show that Plaintiffs were attempting to drive away from [the Officer] at the time he began shooting."

Officer Taylor also cited *Irwin* in his motion, claiming it controls in "the absence of the requisite clearly established law." Taylor's Motion to Dismiss [Doc. 9] ¶ 24–27. In *Irwin*, again on summary judgment, the District Court for the Northern District of Texas found that officers were entitled to qualified immunity when they shot at a vehicle which was moving slowly *towards* the officers. *Irwin v. Santiago,* No. 3:19-CV-2926-B, 2021 U.S. Dist. LEXIS 4254 at * 2021 WL 75452 (N.D. Tex. Jan. 8, 2021) (emphasis added). Putting aside the fact that there is clearly established law on point and that an exactly analogous case is not required when the conduct is so clearly egregious that no reasonable officer could have concluded that the conduct was permissible, *Irwin* is clearly distinguishable as Mike Ramos was driving *away* from the officers. *See also Taylor v. Rojas, No. 19–1261,* 592 U. S. \_\_\_\_ (Nov. 2, 2020).

*Irwin* and *Hathaway* could not be more inapplicable to the instant case since the well-plead facts, taken as true, establish that Mike Ramos was driving slowly away from officers when Officer Taylor shot and killed him. The facts are much more akin to *Dudley* or *Lytle* in which qualified immunity was denied for officers who shot at individuals in vehicles moving away from them. "Accordingly, if a jury were to accept [Ms. Ramos's] version of the facts, it could conclude that [Officer Taylor] had violated [Mike Ramos's] clearly established constitutional right to be free from an unreasonable seizure" and Officer Taylor would not enjoy qualified immunity. *See Dudley v. Bexar Cty.*, 2014 U.S. Dist. LEXIS 169913 at * 18 (internal quotations omitted). Officer Taylor's motion should be denied.

## V. Conclusion

Officer Taylor's authorities were decided on summary judgment and he has jumped ahead to summary judgment by arguing the substantive facts of this case. These are inappropriate arguments for the instant motion. Viewing the facts in the light most favorable to Ms. Ramos and taking all well-plead facts in her Amended Complaint as true, it is clear that Ms. Ramos has established a plausible claim that Mike Ramos's constitutional rights were violated, and that Officer Taylor's qualified immunity should be denied. For these reasons, the Court should deny the City of Austin's Motion to Dismiss.

                                            Respectfully submitted,
                                            HENDLER FLORES LAW, PLLC.

                                            _____
                                            Rebecca Ruth Webber
                                            rwebber@hendlerlaw.com
                                            Scott M. Hendler
                                            shendler@hendlerlaw.com

**HENDLER FLORES LAW, PLLC**
901 S. MoPac Expressway, Bldg. 1, Suite 300
Austin, Texas 78746
Telephone: 512-439-3200
Facsimile: 512-439-3201

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed via the court's CM/ECF system on April 13, 2021, which will serve all counsel of record.

_____
Rebecca Ruth Webber