IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRENDA RAMOS, | § | |
| Plaintiff, | § § § | |
| v. | § § | 1:20-CV-1256-RP |
| CHRISTOPHER TAYLOR and THE CITY OF AUSTIN, | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiff Brenda Ramos's ("Plaintiff") Motion to Certify Taylor's Interlocutory Appeal as Frivolous. (Mot. to Certify as Frivolous, Dkt. 148). Defendant Christopher Taylor ("Taylor") filed a response, (Dkt. 151), and Plaintiff filed a reply (Dkt. 152). Having reviewed the motion, responses, and applicable law, the Court will deny the motion to certify Taylor's interlocutory appeal as frivolous.

## I. BACKGROUND

This case arises out of the April 24, 2020, police shooting of Mike Ramos ("Ramos"), a Black and Hispanic resident of Austin. His mother, Plaintiff Brenda Ramos, filed this suit against the City of Austin and Austin Police Department ("APD") Officer Christopher Taylor.[1] On December 19, 2022, the Court denied Taylor's first motion to dismiss, (Dkt. 49), finding that Plaintiff had plausibly alleged that Taylor violated Ramos's constitutional rights and acted with unreasonable and excessive force. (Order Denying Mot. to Dismiss, Dkt. 73, at 12–13). The Court therefore held that Plaintiff had sufficiently pleaded facts to overcome qualified immunity at the motion-to-dismiss stage. (*Id.* at 13). Notably, the Court's December 2022 Order denying Taylor's qualified immunity

---

[1] A thorough discussion of this case's factual background is provided in the Court's Order denying Taylor's first motion to dismiss. (Order Denying Mot. to Dismiss, Dkt. 73, at 1–5).

defense refused to consider videos relied upon by Taylor, as they were not attached to Plaintiff's Complaint nor central to her claims, were not authenticated videos, and only offered one perspective of the shooting. (Order Denying First Mot. to Dismiss, Dkt. 73, at 7–9). Taylor did not appeal the Court's denial of his qualified immunity defense.

On July 13, 2023, the Court subsequently granted Defendant the City of Austin's motion to stay the case pending state court criminal proceedings against Taylor. (Order Staying Case, Dkt. 90). On April 1, 2025, the Court granted via text order the parties' joint motion to lift the stay, (Dkt. 102), as the criminal case against Taylor was dismissed. (Text Order on April 1, 2025). On August 21, 2025, the Court granted via text order Plaintiff's motion for leave to file a third amended complaint, which was unopposed.[2] (Text Order on August 21, 2025). Plaintiff represented in her motion for leave that her Third Amended Complaint "does not add additional Parties or claims. Plaintiff has simply added additional allegations regarding her *Monell* claim and has edited her claims against Defendant Taylor for clarity." (Mot. for Leave, Dkt. 113, at 1).

On September 24, 2025, Taylor filed a Motion to Dismiss Plaintiff's Third Amended Complaint. (Second Mot. to Dismiss, Dkt. 124). In contrast to Taylor's first motion to dismiss, Taylor's second motion to dismiss included "media exhibits . . . authenticated by the declaration of the City of Austin's Custodian of Records." (*Id.* at 6). Plaintiff filed a motion to strike Taylor's second motion to dismiss, (Dkt. 126); Taylor filed a motion to stay discovery pending a ruling on his qualified immunity defense within his second motion to dismiss, (Dkt. 134); and Plaintiff filed a motion to convert Taylor's motion to dismiss into a motion for summary judgment, (Dkt. 141).

The Court denied Taylor's motion to dismiss, finding the under the law of the case doctrine, ruling otherwise would result in "unnecessary reconsideration of previously decided issues." (Order

---

[2] Though the motion was originally designated as opposed, Plaintiff filed an amended certificate of conference confirming that both Defendants were unopposed to her motion for leave to file a third amended complaint. (Am. Cert. of Conference, Dkt. 116).

Denying Second Mot. to Dismiss, Dkt. 145, at 4 (quoting *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 171 (5th Cir. 2010)). The Court also noted that, even absent the law of the case doctrine, (1) it still did not find it appropriate to consider the proffered video evidence at this stage, and (2) intervening precedent would not change its prior qualified immunity analysis. (*Id.* at 4–8). The Court also dismissed as moot Plaintiff's motion to strike Taylor's second motion to dismiss, dismissed as moot Taylor's motion to stay discovery, and dismissed as moot Plaintiff's motion to convert Taylor's second motion to dismiss to a motion for summary judgment. (*Id.* at 9).

Taylor subsequently filed an interlocutory appeal of the Court's Order denying his second motion to dismiss. (Not. of Appeal, Dkt. 147). Plaintiff has now moved for the Court to certify his interlocutory appeal as frivolous, such that the Court retains jurisdiction over this case and allows discovery to proceed. (Mot. to Certify as Frivolous, Dkt. 148). She notes her intent to file a motion to dismiss Taylor's appeal for lack of jurisdiction with the Fifth Circuit based on the appeal being untimely. (*Id.* at 2). She filed such a motion with the Fifth Circuit on December 22, 2025, which the Fifth Circuit recently denied. *Ramos v. Taylor*, No. 25-51033 (5th Cir. Jan. 23, 2026) (unpublished).

## II. LEGAL STANDARD

In general, an order denying the defense of qualified immunity is "immediately appealable, and once an appeal is filed, the district court is divested of its jurisdiction to proceed against that defendant." *Carty v. Rodriguez*, 211 F. App'x 292, 293 (5th Cir. 2006) (per curiam) (citing *Williams v. Brooks*, 996 F.2d 728, 729–30 (5th Cir. 1993)). If the appeal is frivolous, however, the district court "may certify to the court of appeals that an interlocutory appeal of the denial of a … motion is frivolous and then proceed with trial rather than relinquish jurisdiction." *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 398 (5th Cir. 2017). Even then, the "rule is a permissive one: the district court *may* keep jurisdiction, but is not required to do so. . . . [S]uch a power must be used

with restraint." *Id.* at 400 (emphasis in original) (citing *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)).

### III. DISCUSSION

Plaintiff argues that Taylor's appeal is frivolous because he never appealed the Court's December 2022 Order denying his original qualified immunity defense and, considering the Court relied upon the law of the case doctrine to deny his second motion to dismiss, he cannot now challenge the Court's decision almost three years later. (Mot. to Certify as Frivolous, Dkt. 148, at 2, 4). Taylor responds that his appeal is focused on the Court's decision to decline to review the authenticated video evidence submitted solely with his second motion to dismiss. (Resp., Dkt. 151, at 7–9). Because the Court made that specific holding in December 2025, he argues, his appeal was timely.

The Court finds that Taylor's interlocutory appeal, which focuses on an aspect of the Court's December 2025 Order denying qualified immunity rather than the Court's December 2022 Order denying qualified immunity, is not so frivolous as to warrant the Court maintaining jurisdiction over this case. This decision is made in light of the Fifth Circuit's instruction to use "restraint" when deciding whether to certify an appeal as frivolous and retain jurisdiction. *See BancPass, Inc.*, 863 F.3d at 400) (citing *Apostol*, 870 F.2d at 1339). The Court also finds it instructive that the Fifth Circuit has already denied Plaintiff's motion to dismiss Taylor's appeal for lack of jurisdiction, which argued that Taylor's appeal was untimely. *Ramos*, No. 25-51033 (5th Cir. Jan. 23, 2026). The Court will therefore deny Plaintiff's motion to certify Taylor's appeal as frivolous and will not retain jurisdiction over this case pending appeal.

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Certify Taylor's Interlocutory Appeal as Frivolous, (Dkt. 148), is **DENIED**.

**SIGNED** on January 29, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE